09-3452-cr
USA v. Pescatore (Chavis)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 16th day of November, two thousand ten.

Present:  JOSEPH M. McLAUGHLIN,
          ROBERT A. KATZMANN,
          PETER W. HALL,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v. -                    No. 09-3452-cr

MICHAEL PESCATORE,

                    *Defendant*,

BYRON CHAVIS,

                    *Defendant-Appellant.*

_____

For Defendant-Appellant:                    DAVID B. EPSTEIN, Epstein & Conroy,
                                            Brooklyn, New York

For Appellee:                               JAMES G. MCGOVERN, Assistant United States
                                            Attorney (Susan Corkery, Assistant United

States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York

Appeal from the United States District Court for the Eastern District of New York (Platt, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Byron Chavis appeals from a judgment of conviction, following a guilty plea, of one count of conspiracy to commit extortion in violation of 18 U.S.C. § 1951(a) and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(I). The district court sentenced Chavis principally to 42 months' imprisonment (12 months for the extortion conspiracy offense and a consecutive modified mandatory minimum of 30 months for the firearm offense). On appeal, Chavis contends there was an insufficient factual basis for his guilty plea and the district court committed procedural error at sentencing. We assume the parties' familiarity with the remaining facts and procedural history of the case.

Under Rule 11 of the Federal Rules of Criminal Procedure, the district court, "[b]efore entering judgment on a guilty plea, . . . must determine that there is a factual basis for the plea." FED. R. CRIM P. 11(b)(3). Here, Chavis argues there was an insufficient factual basis for the extortion conspiracy charge because (a) he only facilitated the payment of money by extortionate means but did not participate in the conspiracy, and (b) the district court failed to establish the requisite interstate commerce nexus for Hobbs Act jurisdiction, *see* 18 U.S.C. § 1951(a). Chavis

2

also submits that the evidence was insufficient to establish that he possessed the firearm "in furtherance of" the extortion conspiracy.

Rule 11 does not require that the district court determine whether a jury would find the defendant guilty or that the defendant is guilty by a preponderance of the evidence, only that the court "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997). In assessing whether the defendant's conduct satisfies the elements of the charged offense, "[t]he court may rely on defendant's own admissions, information from the government, or other information appropriate to the specific case." *United States v. Andrades*, 169 F.3d 131, 136 (2d Cir. 1999). We review objections to the sufficiency of a guilty plea where the defendant raised no objection below for plain error. *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005).

After reviewing the record, we find no error, much less plain error. "'[A] reading of the indictment to the defendant coupled with his admission of the acts described in it [provides] a sufficient factual basis for a guilty plea, as long as the charge is uncomplicated, the indictment detailed and specific, and the admission unequivocal.'" *Andrades*, 169 F.3d at 136 (quoting *United States v. O'Hara*, 960 F.2d 11, 13 (2d Cir. 1992)). At the plea hearing, Chavis and his attorney reviewed the district court's "Standard Plea" statement, which included the elements of conspiracy to commit extortion, and Chavis signed the statement to indicate he understood the crimes to which he intended to plead guilty. As part of the plea colloquy, the district court reviewed Chavis's answers to the plea statement, and Chavis reiterated that his answers were truthful. The district court then read the relevant counts of the indictment, which are sufficiently

3

detailed, and Chavis unequivocally admitted to the conduct described therein. Chavis affirmatively indicated that he joined the extortion conspiracy with intent to affect commerce and willfully participated in that conspiracy by going to the victim's business to obtain money by the wrongful use of threatened force, violence, or fear. This admission is sufficient to establish the *de minimis* effect on interstate commerce necessary for Hobbs Act jurisdiction. *See, e.g.*, *United States v. Needham*, 604 F.3d 673, 680 (2d Cir. 2010) ("[A]ll that need be shown is the possibility or potential of an effect on interstate commerce, not an actual effect." (internal quotation marks omitted)); *United States v. Perrotta*, 313 F.3d 33, 37-38 (2d Cir. 2002). Chavis also acknowledged that his firearm was visible to the victim, which thereby "afforded some advantage (actual or potential, real or contingent)" to his extortionate activity, thus establishing that the firearm's possession was "in furtherance of" the extortion. *United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005). In addition, the government's explanation of Chavis's conduct it would have proven at trial also addressed all of the necessary elements of the two offenses. In light of the district court's reliance "on [the] defendant's own admissions [and] information from the government," *Andrades*, 169 F.3d at 136, we conclude that the district court complied with Rule 11's requirement that "the district court satisfy itself regarding the factual basis for [Chavis's] guilty plea," *id.*

Nor do we find persuasive Chavis's argument that the district court failed to consider the relevant factors under 18 U.S.C. § 3553(a) or explain the reasons for the sentence imposed. This Court presumes, in the absence of record evidence to the contrary, of which there is none here, "that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006). Nor is the district court required to

4

"expressly parse or address every argument relating to those factors that the defendant advanced." *Id.* Here, the district court's effort to weigh the mitigating factors against the severity of the offense and Chavis's position as a law enforcement officer demonstrates that the district court took account of the relevant factors under § 3553(a) and provided a reasoned explanation for the sentence imposed.

We have considered Chavis's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5